■ In the Matter of UNITED SERVICES AUTOMOBILE ASSOCIATION, Respondent, v GILBERT BERTAN et al., Appellants, et al., Proposed Additional Respondent. [782 NYS2d 63]—

Order, Supreme Court, New York County (Nicholas Figueroa, J.), entered September 10, 2003, which, to the extent appealed from as limited by the brief, implicitly denied respondents-appellants' motion seeking to compel petitioner-respondent insurer to arbitrate the subject uninsured motorist claim in New York County, unanimously affirmed, with costs.

Inasmuch as the policy in question provided that arbitration of uninsured motorist claims would take place in the county in which the covered person lived at the time of the accident, and appellant insureds did not, at the time of the accident, live in New York County, respondent insurer may not be compelled to arbitrate the subject claims in New York County. Although respondent insurer is precluded, pursuant to CPLR 7503 (c) and a prior court order, from objecting to arbitration on the ground that a valid agreement to arbitrate had not been made or complied with, the insurer is not currently making such objection; it is merely objecting to proceeding in a venue other than one to which it may be deemed to have agreed under the governing policy. Concur—Buckley, P.J., Lerner, Friedman, Sweeny and Catterson, JJ.